IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JOSEPH LEE,** | * | |
| Plaintiff, | * | |
| v. | * | Case No.: DLB-19-3195 |
| **EX-EXEC LUBE, LLC,** *et al.* | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

Joseph Lee filed this action against his employers, Ex-Exec Lube, LLC, RT 40 West Lube, LLC, and F&C Lube, LLC, all of which trade as Jiffy Lube (collectively, "Jiffy Lube"), claiming that Jiffy Lube failed to pay him overtime pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, and the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 to 3-430. *See* Am. Compl. ¶¶ 5–8, 55 & 60–61, ECF 11. He also claims Jiffy Lube promised him a "Labor Bonus" but failed to pay it in violation of the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 to 3-509. *Id.* ¶¶ 27 & 69–70. On March 4, 2021, the parties filed a joint motion for court approval of their settlement agreement. *See* Jt. Mot., ECF 41. I find the settlement amount and terms, including the payment to plaintiff and attorneys' fees, are reasonable and fair in light of the facts of this case.

**I.   Background**

Plaintiff worked for Jiffy Lube as non-exempt employees at all relevant times. Am. Compl. ¶ 38. Plaintiff alleges Jiffy Lube failed to pay his overtime wages in violation of state and federal law and failed to pay the promised "Labor Bonus" in violation of state law. *Id.* ¶¶ 27, 55, 60–61.

The Settlement Agreement ("Agreement") releases and discharges defendants from "all claims and liabilities of any kind whatsoever [Lee] may have arising out of, or in any way related to, the Claims and his employment with Jiffy Lube." *See* Agr. ¶ 4, ECF 41-2. The gross settlement amount of the Agreement is $19,000.00, which includes $8,000.00 in attorneys' fees and costs. *Id.* ¶ 1.

## II.     Discussion

The FLSA was enacted to protect workers from "substandard wages and excessive hours" that resulted from unequal bargaining power between employers and employees. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To protect workers from the ill-effects of unequal bargaining power, "[t]he FLSA does not permit settlement or compromise over alleged FLSA violations" unless there is "(1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement reflects 'a reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Elejalde v. Perdomo Constr. & Mgmt. Serv., LLC*, No. GJH-14-3278, 2016 WL 6304660, at *1 (D. Md. Oct. 27, 2016) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

The Fourth Circuit has not decided the factors to determine whether an FLSA settlement should be approved. However, this Court typically adopts the standard set forth in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), in which the Eleventh Circuit stated that a settlement must be "a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *See Elejalde*, 2016 WL 6304660, at *1 (quoting *Lynn's Food Stores, Inc.*, 679 F.2d at 1355); *see also Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 407 (D. Md. 2014); *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013). Specifically, the Court considers: "(1) whether there are FLSA issues actually in dispute, (2) the fairness and

reasonableness of the settlement in light of the relevant factors from Rule 23, and (3) the reasonableness of the attorneys' fees, if included in the agreement." *Duprey*, 30 F. Supp. 3d at 408 (citing *Saman*, 2013 WL 2949047, at *3 (citing *Lynn's Food Stores,* 679 F.2d at 1355; *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 08-1310, 2009 WL 3094955, at *10 (E.D. Va. Sept. 28, 2009); *Lane v. Ko–Me, LLC,* No. DKC-10-2261, 2011 WL 3880427, at *2–3 (D. Md. Aug. 31, 2011))). In *Duprey*, this Court explained that "these factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.'" *See id.* (quoting *Lynn's Food Stores*, 679 F.2d at 1354).

### 1. *Bona Fide* Dispute

To determine whether a *bona fide* dispute under the FLSA exists, this Court reviews the pleadings, the recitals in the Agreement, and other court filings in the case. *See id.* at 408. There are several issues that both parties genuinely dispute. *See* Jt. Mot. ¶ 8. Significantly, the parties dispute whether plaintiff was entitled to overtime, whether the defendants paid him all earned wages, and if defendant did not pay plaintiff all earned wages, whether they acted in good faith. *Id.* Additionally, they recognize that a jury trial could result in a verdict in either party's favor. *Id.*

### 2. Fairness & Reasonableness

To determine whether an FLSA settlement is fair and reasonable, the Court considers:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiff[]; (5) the opinions of class counsel . . . ; and (6) the probability of plaintiff['s] success on the merits and the amount of the settlement in relation to the potential recovery.

*Yanes v. ACCEL Heating & Cooling, LLC*, No. PX-16-2573, 2017 WL 915006, at *2 (D. Md. Mar. 8, 2017) (quoting *Lomascolo*, 2009 WL 3094955, at *10). These factors are applied here.

First, the parties engaged in informal discovery.  *See* Jt. Mot. ¶ 9.  Specifically, Jiffy Lube "provided significant payroll records in connection with settlement negotiations which enabled counsel for the Parties to assess the respective strengths and weaknesses of the their case, evaluate damages, and reach the conclusion that settlement under the terms set forth in the Settlement Agreement is in all Parties' best interests." *Id.*

Second, the settlement was negotiated before formal discovery.  This timing was purposeful.  The parties recognize the time and expense of continued litigation, which would involve "substantial  discovery, motions practice," and possibly a "lengthy jury trial, with risks to both sides, as well as possible post-trial motions and appeals." *Id.*

Third, there is no evidence of fraud or collusion in the settlement.  The parties scheduled a settlement conference before Judge Coulson, but worked together extensively to resolve the matter before the mediation. *Id.* ¶¶ 3 & 10.  By exchanging documents informally, they had the opportunity to evaluate their claims and defenses based on this evidence. *Id.* ¶¶ 9 & 11.  Armed with this information, the parties engaged in "informed arms-length settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed to the trial of this case." *See Yanes*, 2017 WL 915006, at *2 (quoting *Lomascolo*, 2009 WL 3094955, at *11).

Fourth, the parties are represented by competent and experienced counsel.  Plaintiff's counsel has been in practice for almost thirty years.  Defendants are represented by experienced counsel from a mid-sized law firm that handles litigation on behalf of large and small companies.

The fifth factor—the opinions of class counsel—is not relevant because this is not a class action. *See Lomascolo*, 2009 WL 3094955, at *10.

Regarding the sixth factor, the parties agree that the $19,000.00 settlement amount, including $8,000.00 in attorneys' fees and costs, is fair and reasonable, given that a verdict in

4

plaintiff's favor could be "significant," a verdict in defendants' favor would result in no recovery whatsoever for plaintiff, and either party could prevail at trial. Jt. Mot. ¶ 8. Significantly defendants dispute both liability and the amount of damages should plaintiff prevail. *Id.*

Upon consideration of these factors, the Court finds the settlement to be fair and reasonable.

### 3. Attorneys' Fees

The Court also must determine whether the attorneys' fees and costs are reasonable. *See Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012). The Agreement provides for attorneys' fees and costs of $8,000.00. When the Court calculates an award of attorneys' fees, it must determine the lodestar amount, defined as a "reasonable hourly rate multiplied by hours reasonably expended." *See Lopez*, 838 F. Supp. 2d at 348. The Fourth Circuit addressed specific factors district courts should consider in determining the reasonableness of the fee in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216, 226 n.28 (4th Cir. 1978). They are:

> (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Barber*, 577 F.2d at 226 n.28.

Here, plaintiff's counsel agreed to accept $8,000.00 for fees and costs. *See* Jt. Mot. ¶¶ 13 & 15. They did not submit to the Court their hourly rates or the number of hours they worked on the case. However, the parties contend that the agreed-upon amount "is reasonable given that this litigation has been ongoing almost 1.5 years," during which time plaintiffs have file a complaint, an amended complaint, and several motions, and "[t]he Parties have engaged in extensive

5

settlement discussions over the last year which further suggest that this fee is reasonable." *Id.* ¶ 15.  In light of the extensive work performed on the case, the Court finds the attorneys' fees and costs are fair and reasonable.

## **ORDER**

For the reasons stated above, it, this 23rd day of March, 2021, hereby ORDERED that:

1. The Joint Motion to Approve Settlement Agreement, ECF 41, is GRANTED; and

2. The Clerk is DIRECTED to CLOSE THE CASE.

/S/
Deborah L. Boardman
United States Magistrate Judge